IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ROSENBLUM,

    Petitioner,               No. CIV S-09-3302 JAM EFB P

    vs.

JAMES YATES,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He proceeds on his November 30, 2009 petition. Respondent moves to dismiss arguing that the petition is time-barred. For the reasons explained below, the court finds that the petition must be dismissed as untimely.[1]

**I.    Procedural History**

    Petitioner was issued a rules violation report for possession of a deadly weapon, and was sentenced to a term in the security housing unit (SHU). Pet., Dckt. No. 1, at 7. His petition challenges the sufficiency of the evidence to support the rules violation report. *Id.* at 23.

////

---

[1] Respondent also argues that the petition does not raise a cognizable habeas claim. As the petition clearly must be dismissed as untimely, the court does not address this argument.

1

The rules violation report was issued in 2006. Pet. at 27-31. Petitioner filed an administrative appeal, which was denied at the director's level on May 21, 2007. *Id.* at 55-56.

Petitioner then filed three state habeas petitions. The first was filed in Amador Superior Court on October 17, 2008, and was denied on the merits on January 28, 2009. Resp.'s Mot. to Dism., Dckt. No. 12, Ex. 1-2. The second was filed in the California Court of Appeal, Third Appellate District, on June 12, 2009, and was denied as untimely on June 18, 2009. *Id.*, Ex. 3-4. The third was filed in the California Supreme Court on July 8, 2009 and was denied on September 17, 2009. Ex. 5-6. The instant petition was filed on November 30, 2009. Dckt. No. 1.

## II.   Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The threshold necessary to trigger equitable tolling is very high, and equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force caused the

untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

## III.     Analysis

In this case, the statute of limitations began to run on the date on which the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A). Where a petitioner challenges the result of a prison disciplinary decision, the statute of limitations begins running the day after his administrative appeal is denied. *Shelby v. Bartlett*, 391 F.3d 1061, 1065-66 (9th Cir. 2004). The one-year limitations period in this case therefore began running on May 22, 2007, the day after petitioner's administrative appeal was denied at the director's level. Thus, petitioner had until May 22, 2008 to file his federal habeas petition. However, he did not file the instant petition until November 30, 2009. Absent tolling, his application in this court is more than a year late.

Petitioner does not argue that he is entitled to statutory tolling. *See* Pet. at 2 ("There is no dispute to the factual data that petitioner did file his petition in state court after the one year AEDPA time period had already elapsed."). As he did not file his first state petition until October 17, 2008, months after the statute of limitations had already run, no statutory tolling is available to him.

Instead, petitioner argues that he is entitled to equitable tolling for two reasons: 1) he opted not to risk preparing the petition until no other inmates could read it, as he was afraid he would be labeled a snitch and retaliated against if it was discovered that he reported the existence of a weapon to the authorities; and 2) he is actually innocent of the weapons charge.

The court finds that petitioner is not entitled to equitable tolling. As noted above, petitioner has the burden of showing that he is entitled to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). He must show both that 1) he has been pursuing his right

1 diligently and 2) some extraordinary circumstance stood in his way and prevented timely filing.
2 *Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2560-2563 (2010). Petitioner must show that
3 "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary
4 circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993,
5 997 (9th Cir. 2009). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is
6 very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.
7 2003).

8 Petitioner argues that exceptional circumstances exist in this case. He states that because
9 he reported the weapon to the correctional officers, he had to "keep his cover about being the
10 informant" or be labeled a snitch and risk being injured by other inmates. Pet'r's Opp'n at 3.
11 Petitioner states that he "opted not to risk preparing the petition until a time when no one would
12 be able to discover what Petitioner was preparing." *Id.* He states that he was able to prepare the
13 administrative appeals in this matter since he did not have a cellmate at that time. *Id.* After the
14 administrative appeals process was complete, he states, he was housed with cellmates who were
15 "dishonest and nosy and . . . would likely retaliate against [him] if observed the snitch petition."
16 *Id.* He further states that "at last" he was housed with a cellmate who did not speak English, and
17 so he was able to prepare the petition. *Id.* at 3-4. Moreover, he states, he was worried that the
18 petition would be read by the inmates who do the law library photocopying, and so he waited for
19 a lockdown when only the prison librarian would be able to copy the documents. He states that
20 due to these circumstances, he was unable to file the state petition sooner.

21 Petitioner has not provided the dates of any of the cell assignments or the lockdown, nor
22 has he submitted any documents constituting evidence of these occurrences. Petitioner has not
23 submitted a sworn declaration or any other evidence supporting the facts he alleges. Instead, he
24 has merely made a generalized allegation that his fear of retaliation made him delay in filing the
25 petition, which is insufficient to meet his high burden of showing that he was diligent and
26 extraordinary circumstances out of his control made it impossible to timely file his petition. *See*,

4

*e.g.*, *Flores v. Hedgpeth*, 2008 WL 4196629 (C.D. Cal. 2008) (petitioner not entitled to equitable tolling where he "may have genuinely feared for his safety . . . and may genuinely have been unable for discrete periods to have pursued his court filings" but had failed to demonstrate that he "consistently was seeking to pursue his rights diligently and that extraordinary circumstances consistently stood in his way."). *See also Jackson v. Evans*, 2008 WL 3266643 (9th Cir. July 22, 2008) (no equitable tolling where petitioner made vague allegations that he was denied access to the library, and failed to show that the alleged denial of access was the proximate cause of his delay in filing his federal petition). Thus, petitioner is not entitled to equitable tolling on this basis.

Neither is petitioner entitled to equitable tolling because he claims that he is innocent of the disciplinary charges. Even assuming that the actual innocence doctrine applies to internal prison disciplinary proceedings, the Ninth Circuit held in 2010 that there is no "actual innocence" exception to the one-year statute of limitations. *Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010).

**IV.     Conclusion**

The court finds that as the instant petition was filed outside of the one-year statute of limitations for habeas relief, and petitioner is not entitled to statutory or equitable tolling, the petition is untimely and should be dismissed.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

5

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
3  his objections petitioner may address whether a certificate of appealability should issue in the
4  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
5  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
6  enters a final order adverse to the applicant).

7  Dated: February 10, 2011.

 _____
 EDMUND F. BRENNAN
 UNITED STATES MAGISTRATE JUDGE